UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY THOMAS HARDIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> PATRICK COVELLO, et al., <br><br> Defendants. | No. 2:23-cv-01902-DAD-AC (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION <br><br> (Doc. Nos. 3, 8, 9) |

Plaintiff Jeffrey Thomas Hardin, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 5, 2023, plaintiff filed a motion for a preliminary injunction seeking an order directing defendants to provide him with medical treatment for his mite infestation. (Doc. No. 3.) On September 23, 2024, plaintiff filed a second request renewing his request for an injunction and informing the court that his medical condition was ongoing despite seeing a dermatologist. (Doc. No. 8.) On September 26, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motions for a preliminary injunction be denied because: (i) plaintiff had not stated any viable claims and thus could not show any likelihood of success on the merits; (ii) plaintiff seeks relief from unserved defendants

1

who do not have the authority to provide the injunctive relief sought; and (iii) plaintiff seeks relief from unspecified non-defendants against whom plaintiff has not alleged sufficient facts. (Doc. No. 9 at 6–7.) The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 8.) On November 22, 2024, after receiving an extension of time in which to do so, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 17.)

In his objections, plaintiff restates that the medical care he received "fell far below the legal standard." (Doc. No. 17 at 7.) He restates that he was "referr[ed] to mental health" rather than a specialist for his skin condition, which "caus[ed] suicidal ideation and prolonged suffering." (*Id.*) He also argues that "defendants liability of being aware of this injury and condition proves a documented deliberate indifference." (*Id.*) In support of his objections, plaintiff also re-attaches the same declaration that the magistrate judge had already considered when she issued her findings and recommendations describing his experience seeking medical care while in custody. (*Id.* at 2–6.) The court has reviewed plaintiff's objections but finds that they do not resolve the deficiencies that the magistrate judge identified and that plaintiff has not articulated any basis upon which the findings and recommendations should be rejected as "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on September 26, 2024 (Doc. No. 9) are ADOPTED in full; and

2. Plaintiff's motions for a preliminary injunction (Doc. Nos. 3, 8) are DENIED.

IT IS SO ORDERED.

Dated:  **February 7, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE