1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY THOMAS HARDIN, JR.,              No.  2:23-cv-1902 DAD AC P

12                  Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   PATRICK COVELLO, et al.,

15                  Defendants.

16

17        Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18   without a lawyer.  The original and first amended complaints were screened and found to not state

19   any claims for relief.  ECF Nos. 9, 16.  Plaintiff was given a final opportunity to amend the

20   complaint and has filed a second amended complaint.  ECF No. 30.  He has also filed motions for

21   an extension of time (ECF No. 28), for leave to proceed in forma pauperis (ECF No. 29), and for

22   appointment of counsel (ECF No. 31).

23        I.      Motion for Leave to Proceed In Forma Pauperis

24        Plaintiff has filed a motion for leave to proceed in forma pauperis.  ECF No. 29.

25   However, he was previously granted such leave (ECF No. 9), and the instant request will be

26   denied as unnecessary.

27        II.     Motion for Extension of Time

28        Plaintiff has filed a motion for a sixty-day extension of time to file his amended

1

1    complaint.  ECF No. 28.  However, plaintiff had until April 28, 2025, to file his second amended

2    complaint (ECF No. 27), and the complaint is dated April 27, 2025 (ECF No. 30 at 11).  Since

3    plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See

4    Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is

5    deemed filed on the date the prisoner delivered the document to prison officials for mailing).  As

6    a result, the amended complaint is timely and the motion for an extension of time will be denied

7    as unnecessary.

8            III.    Second Amended Complaint

9                    A. Statutory Screening of Prisoner Complaints

10           The court is required to screen complaints brought by prisoners seeking relief against "a

11    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

12    claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

13    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

14    an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.

15    at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

16    arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

17           In order to avoid dismissal for failure to state a claim a complaint must contain more than

18    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

19    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

20    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

21    statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

22    court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

23    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

24    inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

25    considering whether a complaint states a claim, the court must accept the allegations as true,

26    Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

27    favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

28    ////

                                                      2

1          B. Factual Allegations of the Second Amended Complaint

2          The second amended complaint names nearly forty defendants from three prisons, a state

3    hospital, and a private medical practice, as well as an unspecified number of Doe defendants.

4    ECF No. 30 at 1-3.  Plaintiff alleges that defendants have denied him treatment for a mite

5    infestation due to his sexual orientation.  Id. at 6-8.  He asserts that medical staff have regularly

6    denied him skin testing and referral to a dermatologist or entomologist, and while he has

7    occasionally been prescribed creams to treat the mites, they have been ineffective or not refilled.

8    Id. at 6.  Instead of treating the condition, medical staff have written him off as delusional and

9    referred him to mental health.  Id. 6-7.

10          C. Failure to State a Claim

11          Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

12    complaint does not state a valid claim for relief pursuant to the Eighth or Fourteenth Amendments

13    against any defendant.  Once again, plaintiff fails to allege any facts to support the conclusory

14    claim that he is being denied medical treatment due to his sexual orientation.  With respect to the

15    deliberate indifference claims, plaintiff fails to make allegations against over a dozen of the

16    named defendants, and for numerous other defendants he makes only conclusory allegations that

17    between 2020 and 2023 they denied him medical attention and claimed his condition was caused

18    by mental health issues or substance abuse problems.  See ECF No. 30 at 8 (making general

19    allegations against various defendants); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

20    1998) ("Liability under § 1983 must be based on the personal involvement of the defendant."

21    (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))).  While plaintiff does make some

22    specific allegations against a handful of defendants, they consist of allegations that defendants

23    refused to send his "skin tapings" to the lab, referred him to mental health instead of an

24    entomologist, and said the substance coming off his skin was dandruff.  ECF No. 30 at 7.

25    However, a misdiagnosis or difference of opinion as to the proper treatment for plaintiff's

26    condition is not sufficient to state a claim for relief.  See Wilhelm v. Rotman, 680 F.3d 1113,

27    1123 (9th Cir. 2012) (negligent misdiagnosis did not constitute deliberate indifference); Toguchi

28    v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (difference of opinion about proper course of

1    treatment is not deliberate indifference).

2          D.    No Leave to Amend

3    Leave to amend should be granted if it appears possible that the defects in the complaint

4    could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

5    (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

6    cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

7    States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

8          The undersigned finds that, as set forth above, the second amended complaint fails to state

9    a claim upon which relief may be granted.  Plaintiff has already been given two opportunities to

10   amend the complaint and advised what kind of information he needed to provide.  Given the lack

11   of additional facts provided by plaintiff and his continued failure to make any specific factual

12   allegations against defendants, it does not appear that further amendment would result in a

13   cognizable claim.  As a result, leave to amend would be futile and the complaint should be

14   dismissed without leave to amend.

15   IV.    Motion for Appointment of Counsel

16         Plaintiff requests appointment of counsel on the ground that he requires an attorney to go

17   to trial.  However, district courts lack authority to require counsel to represent indigent prisoners

18   in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

19   exceptional circumstances, the district court may request the voluntary assistance of counsel

20   pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

21   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  "When determining whether

22   'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits

23   as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of

24   the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting

25   Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

26         In light of the recommendation that the amended complaint be dismissed without leave to

27   amend, the court cannot find that the necessary exceptional circumstances exist to warrant the

28   appointment of counsel and the motion will be denied.

4

V.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

It is being recommended that your complaint be dismissed without leave to amend because you have failed to allege what each defendant did to violate your rights and made only general allegations that defendants refused to provide you with medical care.  In the few instances where you made specific allegations, you have shown only a difference in opinion as to proper treatment, which is not enough to state a claim.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for an extension of time (ECF No. 28) and for leave to proceed in forma pauperis (ECF No. 29) are DENIED as unnecessary; and

2.  Plaintiff's motion for appointment of counsel (ECF No. 31) is DENIED.

IT IS FURTHER RECOMMENDED that the second amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5